UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LISA MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-808 |
| v. | ) |
| | ) Honorable Robert J. Jonker |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On April 14, 2015, plaintiff filed her application for DIB benefits. She alleged an April 1, 2015, onset of disability. (ECF No. 7-5, PageID.203). Plaintiff's claim was denied on initial review. (ECF No. 7-4, PageID.123-30). On May 18, 2017, plaintiff received a hearing before the ALJ. (ECF No. 7-2, PageID.71-102). The ALJ issued her decision on October 12, 2017, finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.53-66). On June 5, 2018, the Appeals Council denied review (ECF No. 7-2, PageID.24-27), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned because "the ALJ failed to obtain an expert medical opinion regarding medical equivalency." (Plf. Brief, 8, ECF No. 11, PageID.1139). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without

fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through September 30, 2019. (Op., 3, ECF No. 7-2, PageID.55). The ALJ found that plaintiff had not engaged in substantial gainful activity on or after April 1, 2015. (*Id.*). Plaintiff had the following severe impairments: "major depressive disorder, post-traumatic stress disorder, degenerative disc disease of the lumbar spine, asthma, obesity, and migraines." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.* at 4, PageID.56). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> she can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to pulmonary irritants, including extreme temperatures, humidity, fumes, odors, dust[,] gases and poor ventilation. She is limited simple, unskilled work in a low stress environment, which is defined as having only occasional changes in work setting, and requiring no more than occasional decision-making. She must be permitted to use a cane while ambulating and she must be allowed the option to sit or stand every thirty minutes for five minutes at a time.

(*Id.* at 6, PageID.58).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 7, PageID.59). Plaintiff could not perform any past relevant work. (*Id.* at 12, PageID.64).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 1,275,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 7-2, PageID.98-100). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op., 13-14, PageID.65-66).

## **Discussion**

Plaintiff argues that the ALJ committed reversible error when she failed to obtain an expert medical opinion regarding equivalence. (Plf. Brief, 9-12, ECF No. 11, PageID.1140-43).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability ... the evidentiary standards [at step three] ... are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of demonstrating that she meets or equals a listed

impairment at the third step of the sequential evaluation. *Id.* An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

It is possible for a claimant to provide evidence of medical equivalence to a listing. *See Bolton v. Commissioner*, 730 F. App'x 334, 336 (6th Cir. 2018). To demonstrate such equivalence, the claimant must present "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. at 531; *Thacker v. Social Security Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that [s]he meets or equals a listed impairment, [s]he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987)).

"This Court has consistently rejected the argument that an ALJ is required to obtain an expert medical opinion on the question of equivalence." *Marvin v. Commissioner*, No. 1:17-cv-330, 2018 WL 4214339, at *3 (W.D. Mich. Aug. 10, 2018) (collecting cases). "The ALJ did not err [] in making [her] determination at step 3 without consulting a medical expert" because "the burden at step 3 rests squarely on the [p]laintiff's shoulders." *Wagner v. Commissioner*, No. 1:15-cv-558, 2016 WL 2585797, at *5 (W.D. Mich. May 5, 2016).

Plaintiff's argument that, under SSR 17-2p, the ALJ was required to obtain a medical expert's opinion lacks merit. In SSR 17-2p, the Social Security

Administration clarified that an ALJ is *not* required to obtain a medical expert's opinion before making a finding that an individual's impairments do not equal a listing impairment:

> At the hearings level of the administrative review process, administrative law judges (ALJ[s]) . . . determine whether an individual's impairment(s) meets or medically equals a listing at step 3 of the sequential evaluation process.
>
> * * *
>
> If an adjudicator at the hearings . . . level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain [Medical Expert] ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.

*Social Security Ruling (SSR 17-2p): Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence* (reprinted at 2017 WL 3928306, at *3-4 (SSA Mar. 27, 2017)); *see also Jammer v. Commissioner*, No. 18-10445, 2019 WL 1372171, at *7 (E.D. Mich. Feb. 22, 2019) ("Defendant is correct that under SSR 17-2p, an ALJ may find that a claimant does not medically equal a listed impairment without the support of a medical opinion[.]").

Further, plaintiff has never attempted to satisfy her burden of establishing that she met or equaled all the requirements any listing. Plaintiff's attorney did not argue that plaintiff's impairments met or equaled a listing. Prehearing correspondence from the Social Security Administration emphasized that the administrative hearing was plaintiff's "time to explain why [she] believe[d] the ALJ

should decide the issues in [her] favor." (ECF No. 7-4, PageID.135). Plaintiff offered no argument at the hearing that she met or equaled the requirements of a listed impairment.

Plaintiff now invokes listing 1.04(A), cites portions of the record, and argues that the ALJ was required to obtain a medical expert opinion because evidence in the record "could reasonably be interpreted to show medical equivalence." (Plf. Brief, 10-11, PageID.1141-42). I find that this argument is waived on multiple levels, and even if it had not been waived, it lacks merit.

Plaintiff waived any argument that her impairments equaled the requirements of listing 1.04(A) by not including the issue in her statement of errors. *See Toll v. Commissioner*, No. 1:16-cv-705, 2017 WL 1017821, at *3 (W.D. Mich. Mar. 16, 2017) (The Notice that this Court issues in social security cases "caution[s] that failure to include an issue in the Statement of Errors constitutes a waiver of that issue."). Further, plaintiff waived the issue because her contention is undeveloped and unaccompanied by any meaningful argument. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

The ALJ found that plaintiff did not meet or equal the requirements of any listing impairment, including listing 1.04(A). (Op., 4-5, PageID.56-57). Plaintiff has not shown a lack of substantial evidence supporting the ALJ's findings. *See Forrest v. Commissioner*, 591 F. App'x 359, 365-66 (6th Cir. 2014). The ALJ was not required to obtain a medical expert's opinion before making her finding that plaintiff's impairments did not equal the requirements of any listing impairment. *See* SSR 17-2p, 2017 WL 3928306, at *3-4.

I find no basis for disturbing the Commissioner's decision.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

Dated: April 19, 2019    /s/ Phillip J. Green
                         PHILLIP J. GREEN
                         United States Magistrate Judge


### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).